## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| DUKE REALTY CORPORATION, SCOTT P. ANDERSON, JOHN P. CASE, JAMES B. CONNOR, TAMARA D. FISCHER, NORMAN K. JENKINS, KELLY T. KILLINGSWORTH, MELANIE R. SABELHAUS, PETER M. SCOTT, III, DAVID P. STOCKERT, CHRIS T. SULTEMEIER, WARREN M. THOMPSON, and LYNN C. THURBER, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on June 13, 2022 (the "Proposed Transaction"), pursuant to which Duke Realty Corporation ("Duke Realty" or the "Company") will be acquired by Prologis, Inc. ("Prologis") and affiliates.

2. On June 11, 2022, Duke Realty's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into a merger agreement (the "Merger Agreement") with Prologis, Compton Merger Sub LLC ("Prologis Merger Sub"), Prologis, L.P. ("Prologis OP"), and Compton Merger Sub OP LLC ("Duke Realty OP"). Pursuant to the terms of the Merger Agreement, Duke Realty shareholders will receive 0.475 Prologis shares for each share of Duke

Realty common stock that they own.

3. On July 29, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Duke Realty common stock.

9. Defendant Duke Realty is an Indiana corporation and a party to the Merger Agreement. Duke Realty's common stock is traded on the NYSE, which is headquartered in New

York, New York, under the ticker symbol "DRE."

10. Defendant Scott P. Anderson is a director of the Company.

11. Defendant John P. Case is a director of the Company.

12. Defendant James B. Connor is a director, Chairman of the board and Chief Executive Officer of the Company.

13. Defendant Tamara D. Fischer is a director of the Company.

14. Defendant Norman K. Jenkins is a director of the Company.

15. Defendant Kelly T. Killingsworth is a director of the Company.

16. Defendant Melanie R. Sabelhaus is a director of the Company.

17. Defendant Peter M. Scott, III is a director of the Company.

18. Defendant David P. Stockert is a director of the Company.

19. Defendant Chris T. Sultemeier is a director of the Company.

20. Defendant Warren M. Thompson is a director of the Company.

21. Defendant Lynn C. Thurber is a director of the Company.

22. The defendants identified in paragraphs 10 through 21 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

23. Duke Realty owns and operates approximately 164.9 million rentable square feet of industrial assets in 19 major logistics markets.

24. On June 11, 2022, Duke Realty's Board caused the Company to enter into the Merger Agreement.

25. Pursuant to the terms of the Merger Agreement, Duke Realty shareholders will receive 0.475 Prologis shares for each share of Duke Realty common stock that they own.

26. According to the press release announcing the Proposed Transaction:

Prologis, Inc. (NYSE: PLD) and Duke Realty Corporation (NYSE: DRE) today announced that the two companies have entered into a definitive merger agreement by which Prologis will acquire Duke Realty in an all-stock transaction, valued at approximately $26 billion, including the assumption of debt. The respective board of directors for Prologis and Duke Realty have unanimously approved the transaction.

"We have admired the disciplined repositioning strategy the Duke Realty team has completed over the last decade," said Prologis Co- founder, CEO and Chairman Hamid R. Moghadam. "They have built an exceptional portfolio in the U.S. located in geographies we believe will outperform in the future. That will be fueled by Prologis' proven track record as a value creator in the logistics space. We have a diverse model that allows us to deliver even more value to customers."

With the transaction, Prologis is gaining high-quality properties for its portfolio in key geographies, including Southern California, New Jersey, South Florida, Chicago, Dallas and Atlanta.

The acquisition on an owned and managed basis comprises:

153 million square feet of operating properties in 19 major U.S. logistics geographies.
11 million square feet of development in progress – about $1.6 billion in total expected investment.
1,228 acres of land owned and under option with a build-out of approximately 21 million square feet.
Prologis plans to hold approximately 94% of the Duke Realty assets and exit one market.

"This transaction is a testament to Duke Realty's world-class portfolio of industrial properties, long-proven success and sustainable value creation we've delivered over the years," said Duke Realty Chairman and CEO Jim Connor. "We have always respected Prologis, and after a deliberate and comprehensive evaluation of the transaction and the improved offer, we are excited to bring together our two complementary businesses. Together, we will be able to accelerate the potential of our business and better serve tenants and partners.

We are confident that this transaction – including the meaningful opportunity it provides for shareholders to participate in the growth and upside from the combined portfolio — is in the best long-term interest of Duke Realty shareholders."

The transaction is anticipated to create immediate accretion of approximately $310-370 million from corporate general and administrative cost savings and operating leverage as well as mark-to-market adjustments on leases and debt. In year one, the transaction is expected to increase annual core funds from operations* (Core FFO), excluding promotes per share by $0.20-0.25. On a Core AFFO basis, excluding promotes, the deal is expected to be earnings neutral in year one.

Further, future synergies have the potential to generate approximately $375-400 million in annual earnings and value creation, including

$70-90 million from incremental property cash flow and Essentials income, $5-10 million in cost of capital savings and $300 million in incremental development value creation.

"This transaction increases the strength, size and diversification of our balance sheet while expanding the opportunity for Prologis to apply innovation to drive long-term growth," said Tim Arndt, Prologis' chief financial officer. "In addition to generating significant synergies, the combination of these portfolios will help us deliver more services to our customers and drive incremental long-term earnings growth."

Under the terms of the agreement, Duke Realty shareholders will receive 0.475x of a Prologis share for each Duke Realty share they own. The transaction, which is currently expected to close in the fourth quarter of 2022, is subject to the approval of Prologis and Duke Realty shareholders and other customary closing conditions.

Goldman Sachs Group, Inc. and Citigroup are serving as financial advisors and Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Prologis. Morgan Stanley & Co. LLC is serving as the lead financial advisor and Hogan Lovells US LLP is serving as legal advisor to Duke Realty. J.P. Morgan Securities LLC and Alston & Bird LLP are also serving as financial and legal advisors, respectively, to Duke Realty.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

27. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

28. As set forth below, the Registration Statement omits material information.

29. First, the Registration Statement omits material information regarding the Company's, Prologis's, and the combined company's financial projections.

30. The Registration Statement fails to disclose: (i) all line items used to calculate the financial projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

33. With respect to Morgan Stanley's Comparable Public Company Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the companies.

34. With respect to Morgan Stanley's Dividend Discount Analyses, the Registration Statement fails to disclose: (i) the terminal values used in the analyses; and (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates

35. With respect to Morgan Stanley's Premiums Paid Analysis, the Registration Statement fails to disclose the premiums paid in the transactions.

36. With respect to Morgan Stanley's Wall Street Research Analyst Price Targets and NAV Targets analysis, the Registration Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

37. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

38. Third, the Registration Statement fails to disclose the timing and nature of the past services Morgan Stanley has provided for the Company, Prologis, and their affiliates.

39. Fourth, the Registration Statement fails to disclose the terms of J.P. Morgan Securities LLC's ("JPM") engagement, including: (i) the amount of compensation JPM has received or will receive in connection with its engagement; (ii) the amount of JPM's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether JPM has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by JPM for providing such services.

40. The omission of the above-referenced material information renders the Registration Statement false and misleading.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and** Duke Realty

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Duke Realty is liable as the issuer of these statements.

44. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants

were aware of this information and their duty to disclose this information in the Registration Statement.

45. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

46. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

47. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

48. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

49. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

50. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of Duke Realty within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Duke Realty and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the

decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

52. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

53. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

54. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

55. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 2, 2022　　　　　　　　　　**RIGRODSKY LAW, P.A.**

By:  */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*